■ GEORGE KERR, Individually and Doing Business as WESALINE MUSIC, Appellant, v VINCENT BROWN et al., Respondents. [725 NYS2d 325] —Order, Supreme Court, New York County (Herman Cahn, J.), entered March 1, 2000, which granted the motion of defendants-respondents to dismiss the complaint pursuant to CPLR 3211, unanimously reversed, on the law, without costs, the motion denied and the complaint reinstated.

In August 1988, a singing group known as The New Style and its constituent individuals, Vincent Brown, Keir Gist and Anthony Criss, signed a recording agreement with Bon Ami

Entertainment. In February 1989, Brown, Gist and Criss entered into an exclusive song writing agreement with Renaissance Music for a period of five years which, among other things: bound the writers individually and jointly; bound each of the writers to refrain from writing any compositions under any name than his own; and, granted Renaissance the right to enter into a subsequent co-publishing or administration agreement. In October 1989, Renaissance entered into a co-publishing agreement with plaintiff George Kerr, doing business as Wesaline Music, which provided for 50-50 publishing sharing between Renaissance and Kerr/Wesaline as well as a right by Kerr/Wesaline to administer all publishing worldwide of the artist described in their agreement. The artist was described in the Renaissance-Kerr/Wesaline agreement as "the artist p/k/a MC Unique, The New Style and The Furious * * * individually and collectively." The p/k/a designation identified the artist "presently known as" and allowed for the ready ascertainment of Brown, Gist and Criss as "the artist." Brown, Gist and Criss later changed their group name to Naughty by Nature and released songs on a different recording label, Warner Bros. Prior to doing so, they received a release from their obligations under the recording agreement with Bon Ami. They never obtained a release from Renaissance of their publishing obligations. In the present action, Kerr claims that he was assigned an interest in all compositions by The New Style, including those written individually by Brown, Gist and Criss as well as those written by those three under a different name, by virtue of the co-publishing agreement with Renaissance.

The IAS court erred in granting defendants' motion to dismiss on the basis that Kerr had failed to allege the existence of an agreement granting the right to ownership of Brown, Gist and Criss's musical compositions. On a motion to dismiss, the pleadings must be liberally construed (*Leon v Martinez*, 84 NY2d 83, 87). The Renaissance-Kerr agreement clearly constituted an assignment of rights to publishing royalties and administration of compositions authored by the "artist" and its constituent members, individually or collectively. That Brown, Gist and Criss subsequently assumed a different stage name did not thereby deprive Kerr of his assigned property interest in their authored compositions, individually or collectively. Kerr alleged facts sufficient to establish an assignment of publishing rights by Renaissance to him (*see, Whalen v Gerzof*, 206 AD2d 688, *lv denied* 84 NY2d 809). Having made sufficient allegations of assignment, Kerr has standing to assert the assignor's claims and is a real party in interest (*Kahn*

*v New York Times Co.*, 122 AD2d 655; *Hill v Satra Corp.*, 65 AD2d 737).

Although not addressed by the IAS court, defendants argue that the breach of contract claims are untimely since the breach of the song writing agreement occurred on August 20, 1991 when they signed a publishing agreement with Tommy Boy Music, more than six years prior to commencement of this action in 1998. Plaintiff is correct that individual breaches start the Statute of Limitations running anew each time (*Bulova Watch Co. v Celotex Corp.*, 46 NY2d 606, 608). Since each song has a different publication date, each would be separately actionable. Accordingly, it would be premature to determine which claims may be time barred, if any, at the pleading stage. By the same token, it is premature to determine whether any of the defendants should be estopped from raising a Statute of Limitations defense on equitable grounds. Concur—Rosenberger, J. P., Andrias, Wallach, Rubin and Buckley, JJ.