■ ALISHA BAPTISTE, an Infant, by Her Mother and Natural Guardian, ROSA BAPTISTE, et al., Appellants, v 1626 MEAT CORP., Respondent. [844 NYS2d 271]—

Order, Supreme Court, New York County (Rosalyn Richter, J.), entered June 7, 2006, which granted defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion denied and the complaint reinstated.

The court erred in granting defendant's summary judgment motion in this action where infant plaintiff allegedly slipped on a puddle of water in an aisle in defendant's store. The testimony from defendant's store manager regarding the store's general maintenance procedures failed to satisfy defendant's burden of making a prima facie case of entitlement to summary judgment on the basis that it lacked constructive notice of the alleged water hazard. There were insufficient details provided regarding the last time the aisle had been checked prior to the accident or about the actions of defendant's staff on the date of the accident (*see Porco v Marshalls Dept. Stores*, 30 AD3d 284 [2006]; *Jacques v Richal Enters.*, 300 AD2d 45 [2002]). Concur—Lippman, P.J., Mazzarelli, Friedman, Marlow and Buckley, JJ.

■ GARY W. CONKLIN, Appellant, v METRO NORTH COMMUTER RAILROAD COMPANY, Respondent. [844 NYS2d 272]—Order, Supreme Court, New York County (Marcy S. Friedman, J.), entered October 2, 2006, which denied plaintiff's motion to vacate a prior order that had dismissed the complaint, and to restore his action to the calendar, unanimously affirmed, without costs.

Assuming plaintiff never received notice of the dismissal order and could move to vacate and restore more than one year after entry of the dismissal order, he still had to show a meritorious action and a reasonable excuse for his default (*see Acevedo v Navarro*, 22 AD3d 391 [2005]). Plaintiff's decision to prosecute his other claim, which was ultimately denied, does not excuse his neglect of this action (*Bowman v Lacovara*, 37 AD3d 287 [2007]). Moreover, even after two opportunities, plaintiff has still failed to establish the existence of a meritorious cause of action (*see Ortiz v Silver Dollar Tr. Inc.*, 10 AD3d 585 [2004]). Concur—Lippman, P.J., Mazzarelli, Friedman, Marlow and Buckley, JJ.