■ HECTOR LEBRON, Respondent, v NAPA REALTY CORP., Appellant. [884 NYS2d 37]—

Order, Supreme Court, Bronx County (Mary Ann Brigantti-Hughes, J.), entered on or about September 15, 2008, which, to the extent appealed from, in this action for personal injuries allegedly sustained as the result of a slip and fall on a patch of ice on the sidewalk abutting defendant's service station, denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Defendant failed to make a prima facie showing of entitle-

ment to judgment as a matter of law. Since it did not offer any evidence to refute plaintiff's contention that a dangerous condition, namely ice, existed on the sidewalk outside the convenience store and gas station operated by defendant, defendant was required to establish that it did not create the condition or have actual or constructive notice of it (*see Moser v BP/CG Ctr. I, LLC*, 56 AD3d 323 [2008]). It did not meet that burden. The deposition of its general manager was not probative, because he had no personal knowledge of the condition of the sidewalk at the time of the accident or in the hours immediately preceding it. Nor did his testimony establish that any of the employees who worked in the convenience store operated by defendant could not have noticed the ice in time to clear it.

Indeed, the general manager's testimony suggests just the opposite. It established that the store was open 24 hours a day and that defendant's employees were charged with the responsibility of keeping the sidewalks clear of snow and ice. Defendant claims that seven hours elapsed between the time that its climatological records show the temperature dropped below 32 degrees Fahrenheit and the time of the accident. Indeed, the time which elapsed between formation of the ice and the accident may even have been longer. Defendant failed to accurately establish the length of time that the ice existed, because the climatological records it submitted were not from the Bronx, where the accident occurred (*see Duffy-Duncan v Berns & Castro*, 45 AD3d 489, 490 [2007]; *Ralat v New York City Hous. Auth.*, 265 AD2d 185 [1999]).

Even if the climatological records were accurate, given the facts that defendant always had employees on site and that those employees' duties included ensuring that the sidewalks were safe, it can be presumed that seven hours were sufficient for those employees to notice and address the dangerous condition before the accident. Since it did not submit evidence establishing why its employees were not able to notice and address the condition in that time period, defendant failed to establish its prima facie entitlement to summary judgment (*see Baptiste v 1626 Meat Corp.*, 45 AD3d 259 [2007]). Concur— Mazzarelli, J.P., Sweeny, DeGrasse, Freedman and Abdus-Salaam, JJ.