■ Adolfo De La Cruz, Appellant, v Lettera Sign & Electric Co. et al., Respondents. [909 NYS2d 448]—

Order, Supreme Court, Bronx County (Mary Ann Brigantti-Hughes, J.), entered on or about July 10, 2009, which, in an action for personal injuries allegedly sustained when plaintiff slipped on an icy sidewalk abutting defendants' factory premises, granted defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion for summary judgment denied, and the complaint reinstated.

The testimony of defendant company's president regarding the company's general snow and ice removal procedures fails to satisfy defendants' initial burden of showing that they acted reasonably and lacked notice of the icy condition. Because the president has no personal knowledge of any snow or ice removal efforts taken on the day of plaintiff's fall, his testimony is not probative of the care actually exercised by defendants on that date (see *Martinez v Khaimov*, 74 AD3d 1031, 1033 [2010]; *Lebron v Napa Realty Corp.*, 65 AD3d 436, 437 [2009]), and because he has no personal knowledge of when defendants' employees last inspected the sidewalk or of the sidewalk's appearance before the accident, his testimony is not probative of lack of actual or constructive notice (see *Martinez*, 74 AD3d at 1033-1034; *Lebron*, 65 AD3d at 437; *Baptiste v 1626 Meat Corp.*, 45 AD3d 259 [2007]). Nor may defendants rely on their foreman's affidavit, which was improperly submitted for the first time in their reply (see *Lumbermens Mut. Cas. Co. v Morse Shoe Co.*, 218 AD2d 624, 626 [1995]); in any event, the foreman's affidavit is framed in the conditional tense—it speaks to what the foreman "would have" done in the way of snow removal on the date of plaintiff's accident, not to what he actually did—and thus does not materially add to the president's generalized testimony about company's snow removal practices. Even assuming that defendants met their initial burden, plaintiff's testimony that, although the day of his accident was sunny, the sidewalk was covered with old ice and little or no snow, and the president's testimony acknowledging that defendants had last shoveled during the last snowfall before plaintiff's accident, raise issues of fact as to whether defendants' own snow removal efforts created or exacerbated the icy condition (see *Figueroa v*

*West 170th Realty, Inc.*, 56 AD3d 299 [2008]) and how long the icy condition had existed (*see Lebron*, 65 AD3d at 437; *Garcia v Mack-Cali Realty Corp.*, 52 AD3d 420, 421 [2008]). Concur—Andrias, J.P., Nardelli, Moskowitz, DeGrasse and Román, JJ.