■ CHRISTINA TORRES, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. [913 NYS2d 93]—

Order, Supreme Court, Bronx County (Larry S. Schachner, J.), entered October 26, 2009, which granted defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion denied and the complaint reinstated.

Plaintiff alleges that, while riding a bus in the Bronx operated by defendant, she slipped and fell on an oily substance on the floor. The court erred in granting defendant's motion for summary judgment because defendant failed to satisfy its burden of making a prima facie showing of entitlement to summary judgment upon the basis that it lacked actual or constructive notice of the alleged hazard (*see Castillo v New York City Tr. Auth.*, 69 AD3d 487 [2010]; *Moser v BP/CG Ctr. I, LLC*, 56 AD3d 323 [2008]; *Baptiste v 1626 Meat Corp.*, 45 AD3d 259 [2007]). Defendant failed to demonstrate that the driver that it produced for an examination before trial was the driver of the bus in question. Even if the witness produced actually was the driver, he provided no details regarding when the bus was last checked for defects on the day of the accident (*see Moser*, 56 AD3d at 324), and his testimony as to general procedures for bus inspection was insufficient for summary judgment purposes (*see Baptiste*, 45 AD3d at 259). Finally, plaintiff's testimony directly controverts that of the defendant's witness, creating is-

554

sues of fact that preclude summary judgment. Concur—
Gonzalez, P.J., Catterson, Acosta, Richter and Abdus-Salaam,
JJ.