■ LINDA SPECTOR et al., Appellants, v CUSHMAN & WAKEFIELD, INC., et al., Defendants, and CITIBANK, N.A., Respondent. [928 NYS2d 9]—

Citibank failed to make a prima facie showing of entitlement to judgment as a matter of law. The injured plaintiff allegedly slipped on a patch of black ice on the sidewalk abutting Citibank's premises. Because Citibank did not refute plaintiffs' contention that the dangerous condition existed, it was required to establish that it did not cause or create the condition or have actual or constructive notice of it (*see Lebron v Napa Realty Corp.*, 65 AD3d 436, 437 [2009]). Citibank has failed to meet its burden with respect to actual or constructive notice of the ice because it proffered no affidavit or testimony based on personal knowledge as to when its employees last inspected the sidewalk or the sidewalk's condition before the accident. This Court has employed similar reasoning with respect to other summary judgment motions made under analogous facts (*see De La Cruz v Lettera Sign & Elec. Co.*, 77 AD3d 566 [2010]; *Lebron* at 437). The other departments have done the same (*see Rogers v Niagara Falls Bridge Commn.*, 79 AD3d 1637 [2010]; *Mignogna v 7-Eleven, Inc.*, 76 AD3d 1054 [2010]; *Managault v Rensselaer Polytechnic Inst.*, 62 AD3d 1196 [2009]). By contrast, in *Rodriguez v 705-7 E. 179th St. Hous. Dev. Fund Corp.* (79 AD3d 518 [2010]), we affirmed an order granting an owner's summary judgment motion on the basis of a record that included testimony by the owner's president that he had checked the area of the subject accident on the preceding night (*id.* at 519-520).

*Lenti v Initial Cleaning Servs., Inc.* (52 AD3d 288 [2008]), which the dissent cites, is distinguishable because it involved a snow removal contractor's motion for summary judgment. Unlike a contractor, an owner, such as Citibank, has a statutory, nondelegable duty to maintain the sidewalk abutting its premises (*see* Administrative Code of City of NY § 7-210; *Cook v Consolidated Edison Co. of NY, Inc.*, 51 AD3d 447, 448 [2008]). Concur—Acosta, Renwick and DeGrasse, JJ.

Tom, J.P., dissents in a memorandum as follows: On Tuesday, February 14, 2006, at about 8:15 A.M., plaintiff slipped on a patch of ice measuring approximately 7 inches by 10 inches in front of the Citibank branch located on First Avenue at 79th Street in Manhattan. At her examination before trial, plaintiff testified that she had not seen the ice on the sidewalk the night before. Nor did she see the ice on the morning of her fall until, while in the process of getting up, she assumed a kneeling position. She knocked on Citibank's door to see if anyone was present, without receiving any response, and she did not see anyone go in or out.

The branch manager testified that he inspected the sidewalk

on the day of plaintiff's accident and saw no ice, although he did not give the time of his inspection. He stated that he knew of no complaints concerning ice on the sidewalk, nor had Citibank received any complaints that water was dripping from scaffolding erected in front of the adjoining building. He noted that snow and ice removal were the responsibility of defendant Cushman & Wakefield, the property manager.

Citibank established its prima facie entitlement to judgment as a matter of law. The testimony of its branch manager demonstrates that it did not create the alleged icy condition or have actual or constructive notice of it, shifting the burden to plaintiff to present evidence raising a triable issue of fact (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

Plaintiff failed to present evidence from which it might be inferred that the ice on which she slipped was present on the walk for a long enough period of time to permit Citibank, as the party responsible for the sidewalk, to discover and remedy the dangerous condition (*see Lenti v Initial Cleaning Servs., Inc.*, 52 AD3d 288, 289 [2008]). Since there is no evidence as to whether the ice resulted from a 26-inch snowfall two days earlier or was the later product of a freeze/thaw cycle, as opined by her expert, her contention that it was the result of improper snow removal is speculative (*see Disla v City of New York*, 65 AD3d 949 [2009]).

Citibank was not obliged to submit evidence of when the sidewalk was last inspected by its employees. Absent evidence of actual notice, the issue is whether the hazardous condition was "visible and apparent" and extant for a sufficient duration to permit Citibank's employees to discover it and take remedial measures (*Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]). As an initial consideration, the record does not establish that the hazard was discernable to any person. Asked to describe it, plaintiff responded "Black ice." She conceded that she did not see it, either on the preceding evening or even on the morning of her fall, until she was kneeling close to the ground after slipping on the ice.

Furthermore, the record does not support the conclusion that there was sufficient opportunity for Citibank's employees to identify and remedy the hazard. Even assuming that the ice formed at 6:15 P.M. the preceding evening, as plaintiff's expert concluded, there is no evidence to suggest that any Citibank employee was present to discover the ice at any time prior to plaintiff's fall. Thus, plaintiff has failed to come forward with proof to satisfy either of the criteria for constructive notice set forth in *Gordon*.

Finally, plaintiff's contention that Citibank failed to prevent

the icy condition by not properly maintaining the scaffolding that abutted its premises' sidewalk is devoid of merit. Citibank's branch manager testified that the bank did not hire the installer of the scaffolding and had not received any complaints of water dripping off of the scaffolding onto the sidewalk. Plaintiff recalled only that she observed water dripping from the scaffolding on the day of her accident but not whether she observed water dripping from any portion of the scaffolding that was in front of Citibank's premises. She did not observe any water dripping onto the sidewalk where she was walking, and she did not know where the ice came from. Thus, her testimony was insufficient to defeat summary judgment on this issue (*see Slates v New York City Hous. Auth.*, 79 AD3d 435, 435-436 [2010], *lv denied* 16 NY3d 708 [2011]).

Accordingly, the order should be affirmed. **[Prior Case History: 2010 NY Slip Op 30172(U).]**