■ Amy Rodriguez, Appellant, v Bronx Zoo Restaurant, Inc., et al., Respondents. [972 NYS2d 31]—

Order, Supreme Court, Bronx County (Julia I. Rodriguez, J.), entered December 17, 2012, which granted defendants' motion for summary judgment dismissing the complaint, reversed, on the law, without costs, and the motion denied.

Plaintiff correctly contends that defendants failed to satisfy their prima facie burden since they did not submit evidence sufficient to establish that they did not have constructive notice of the hazardous icy condition on the sidewalk in front of their franchise restaurant on which plaintiff allegedly slipped (*see Lebron v Napa Realty Corp.*, 65 AD3d 436, 437 [1st Dept 2009]). In cases involving slip and falls on icy sidewalks, a defendant moving for summary judgment must proffer evidence from a person with personal knowledge as to when the sidewalk was last inspected or as to its condition before the accident (*see id.*; *Spector v Cushman & Wakefield, Inc.*, 87 AD3d 422, 423 [1st Dept 2011]; *De La Cruz v Lettera Sign & Elec. Co.*, 77 AD3d 566 [1st Dept 2010]).

Here, the climatological records reflect that the area had last received precipitation two days prior to the January 17, 2009 accident, and that the temperature remained below freezing during the interim period. Defendants' supervisor, who only visited that franchise twice per week, attested that the employ-

ees would typically respond to winter storms by shoveling the sidewalk, and then applying rock salt. However, she had no personal knowledge of whether this procedure was followed in response to this storm, did not aver that she was present on either the day of the storm or the accident, and offered no evidence as to when the sidewalk had last been inspected or cleaned of snow, ice, or other debris. Hence, defendants' evidence was "not probative of lack of actual or constructive notice," and the evidence of their general procedures, standing alone, was insufficient to satisfy their burden on summary judgment (*see De La Cruz* at 566). As defendants failed to meet their initial burden, the motion should have been denied regardless of the sufficiency of plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Were we to find that defendants met their burden on the motion, we would find that plaintiff raised triable issues of fact as to whether defendants had constructive notice of the icy condition, as there had been no further precipitation since the storm two days before the accident, and plaintiff and her mother both described the hazard as a patch of black ice, and averred that the sidewalk was dirty or filthy, raising the inference that the condition could have been present for up to two days (*see e.g. De La Cruz* at 566-567; *Santiago v New York City Health & Hosps. Corp.*, 66 AD3d 435 [1st Dept 2009]; *Gonzalez v American Oil Co.*, 42 AD3d 253, 256 [1st Dept 2007]). Concur—Moskowitz, Richter, Manzanet-Daniels and Gische, JJ.

Friedman, J.P., concurs in a separate memorandum as follows: Although I concur in reversing the order granting defendants' summary judgment motion, I write separately because I believe that the majority addresses issues that need not be resolved to decide the appeal. In brief, plaintiff alleges that she slipped and fell on a patch of black ice on the sidewalk in front of defendants' restaurant. Assuming without deciding that defendants' submissions in support of their summary judgment motion satisfied their burden to establish a prima facie entitlement to judgment as a matter of law, the climatological records submitted by plaintiff in opposition raised a factual issue as to whether defendants had constructive notice of the icy condition on the sidewalk. Specifically, those records reflect that the temperature last rose above freezing on January 14, three days before the date of the accident (January 17), and that accumulated precipitation had been on the ground continuously since January 10. From this data, it may reasonably be inferred that the ice patch had formed from the melting and re-freezing of accumulated snow or ice pellets more than two days before the ac-

cident, and defendants could reasonably be found to have had constructive notice of an icy condition that had been present for more than two days (*see Santiago v New York City Health & Hosps. Corp.*, 66 AD3d 435, 435-436 [1st Dept 2009] [the presence of an icy condition for more than 24 hours raised an issue of constructive notice]).