■ LORAINE WRIGHT, Respondent, v EMIGRANT SAVINGS BANK, Formerly Known as DOLLAR SAVINGS BANK OF NEW YORK, Defendant, 2051 GMA RESTAURANT CORP., Doing Business as SEVEN SEAS RESTAURANT, Respondent, and RIVERBAY CORPORATION, Appellant. [976 NYS2d 47]—

Order, Supreme Court, Bronx County (Mary Ann Brigantti-Hughes, J.), entered on or about February 29, 2012, which, insofar as appealed from as limited by the briefs, denied defendant-respondent Riverbay Corporation's (Riverbay) motion for summary judgment dismissing plaintiff's complaint, and denied Riverbay's cross motion to amend the answer to assert a cross claim against defendant 2051 GMA Restaurant Corp., doing business as Seven Seas Restaurant (Seven Seas), alleging breach of contract for failure to procure insurance, unanimously affirmed, without costs.

The court properly denied Riverbay's motion for summary judgment dismissing the complaint. Riverbay has not established prima facie that it did not create or have notice of the black ice that allegedly caused plaintiff to slip and fall, as it failed to submit any evidence concerning its snow/ice removal and inspections efforts taken on the day of the accident with respect to the area where plaintiff fell (*see Spector v Cushman & Wakefield, Inc.*, 87 AD3d 422, 423 [1st Dept 2011]; *De La Cruz v Lettera Sign & Elec. Co.*, 77 AD3d 566, 566 [1st Dept 2010]; *Santiago v New York City Health & Hosps. Corp.*, 66 AD3d 435, 435 [1st Dept 2009]). In any event, plaintiff's description of the black ice

as "black grayish" "dirty snow" that was circular and measured about 1½ feet wide provided at least some indication that the condition had existed for some time, raising an issue of fact as to constructive notice (*Gordon v American Museum of Natural History*, 67 NY2d 836 [1986]).

The court also properly denied Riverbay's motion to amend the answer to add the breach of contract cross claim against Seven Seas due to Seven Seas' failure to procure insurance for Rivebay's benefit, as the breach of contract claim is barred by the six-year statute of limitations (CPLR 213 [2]). Seven Seas' failure to obtain insurance was discoverable at any time. Because the lease was assigned to Seven Seas on August 31, 1994 and renewed beginning September 1, 2004, the breach of contract claim accrued at the latest on September 1, 2004 (*see Sears, Roebuck & Co. v Patchogue Assoc., LLC*, 87 AD3d 629 [2d Dept 2011]). Riverbay did not seek to assert the breach of contract claim until October 2011. The "relation back" doctrine is inapplicable, as Riverbay's original cross claims for common-law indemnification/contribution alleging that Seven Seas' negligence caused plaintiff's accident "does not give notice of the transactions, occurrences, or series of transactions or occurrences" to be proved on the breach of contract claim (CPLR 203 [f]). Also, under the lease agreement here, the procurement of insurance is not a "recurring obligation," but a single obligation to be performed at the beginning of the lease term (*cf. Bulova Watch Co. v Celotex Corp.*, 46 NY2d 606, 610-611 [1979]; *Phoenix Acquisition Corp. v Campcore, Inc.*, 81 NY2d 138, 140-142 [1993]; *Knobel v Shaw*, 90 AD3d 493, 494 [1st Dept 2011]; *Sirico v F.G.G. Prods., Inc.*, 71 AD3d 429, 431, 435 [1st Dept 2010]; *Kerr v Brown*, 283 AD2d 343, 345 [1st Dept 2001]).

We have reviewed Riverbay's remaining contentions and find them unavailing. Concur—Tom, J.P., Sweeny, Saxe, Freedman and Clark, JJ.