■ DAVID SIMPSON, Respondent, v CITY OF NEW YORK, Defendant, and 325-327 EAST 93RD OWNERS CORP. et al., Appellants. [4 NYS3d 213]—

Order, Supreme Court, New York County (Debra A. James, J.), entered September 9, 2014, which denied defendants 325-327 East 93rd Owners Corp. and Mautner-Glick Corp.'s motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff was allegedly injured after he slipped and fell on ice that was on the public sidewalk in front of the building where he lived, which was owned by defendant 325-327 East 93rd Owners Corp. and managed by defendant Mautner-Glick Corp.

The motion court properly denied defendants' motion for summary judgment since they failed to establish their prima facie entitlement to judgment as a matter of law. The climatic records submitted by defendants in support of the motion are not dispositive as to the weather conditions prior to the accident, because the weather data collected for the relevant time period was from La Guardia Airport, which is in Queens County, whereas the accident location is located in New York County, closer to the Central Park climatic observatory (see *Lebron v Napa Realty Corp.*, 65 AD3d 436 [1st Dept 2009]).

In addition, defendants failed to demonstrate that they lacked actual or constructive notice of the alleged condition, because they failed to proffer an affidavit or testimony based on personal knowledge as to when their employees last

inspected the sidewalk before the accident (*see Spector v Cushman & Wakefield, Inc.*, 87 AD3d 422, 423 [1st Dept 2011]). The testimony from the managing agent for the subject premises as to the general cleaning procedures for the premises is insufficient to satisfy defendants' burden of establishing that they lacked notice of the alleged condition of the sidewalk prior to the accident (*see Mike v 91 Payson Owners Corp.*, 114 AD3d 420 [1st Dept 2014]).

Even if defendants had met their initial burden on the motion, plaintiff's submission of his expert meteorologist's opinion, based on the applicable meteorological data, that the subject ice condition was created after the precipitation stopped falling at 6:30 p.m., the night before the accident, raises a question of fact as to whether the four-hour time period to remove the precipitation from the sidewalk as set forth in section 16-123 (a) of the Administrative Code of the City of New York had expired prior to plaintiff's fall (*see Powell v MLG Hillside Assoc.*, 290 AD2d 345 [1st Dept 2002]). Concur—Tom, J.P., Andrias, Saxe, Manzanet-Daniels and Kapnick, JJ.