■ HARBINS SINGH, Respondent, v CITIBANK, N.A., et al., Appellants. (And Third-Party Actions.) [24 NYS3d 649]—

Order, Supreme Court, New York County (Joan A. Madden, J.), entered October 17, 2014, which denied defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Defendants failed to establish their entitlement to judgment as a matter of law in this action where plaintiff alleges that he slipped and fell on a patch of black ice on a driveway located on defendants' premises. Defendants did not demonstrate that they lacked constructive notice of the icy condition since they did not proffer an affidavit or testimony based on personal knowledge as to when its employees last inspected the driveway or as to the driveway's condition prior to the accident (*see Simpson v City of New York*, 126 AD3d 640 [1st Dept 2015]). The testimony of defendants' branch manager as to his usual and customary practice of inspecting the premises each morning does not satisfy defendants' burden of showing that they lacked notice of the alleged condition of the driveway prior to the accident, as there was no evidence to show that the manager's customary practice was followed on the day of the accident (*see e.g. Bonilla v 191 Realty Assoc., L.P.*, 125 AD3d 470 [1st Dept 2015]). Concur—Tom, J.P., Acosta, Moskowitz and Gische, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KIRON RITCHENS, Appellant. [24 NYS3d 514]—Appeals having been taken to this Court by the above-named appellant from judgments of the Supreme Court, New York County (Laura A. Ward, J., at plea; Edward McLaughlin, J., at sentencing), rendered February 4, 2013, said appeals having been argued by counsel for the respective parties, due deliberation having been had thereon, and finding the sentence not excessive, it is unanimously ordered that the judgments so appealed from be and the same are hereby affirmed. Concur—Tom, J.P., Acosta, Moskowitz and Gische, JJ.