Petersen v Long Is. Univ., N.Y. Educ. Corp. (2019 NY Slip Op 00528)





Petersen v Long Is. Univ., N.Y. Educ. Corp.


2019 NY Slip Op 00528


Decided on January 24, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 24, 2019

Sweeny, J.P., Tom, Kahn, Oing, Singh, JJ.


8192 305483/14 A

[*1]Betty Petersen, Plaintiff-Respondent,
v
Long Island University, New York Educational Corporation, Defendant-Appellant.


Law Office of Vincent D. McNamara, East Norwich (Charles D. Teixeira of counsel), for appellant.
Morrison & Wagner, LLP, New York (Eric Morrison of counsel), for respondent.



Order, Supreme Court, Bronx County (Julia I. Rodriguez, J.), entered on or about June 6, 2017, which denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Defendant failed to establish entitlement to judgment as a matter of law in this action where plaintiff was injured when she slipped and fell on ice on a sidewalk on defendant's campus. Plaintiff and a security officer employed by defendant both testified that there were icy patches on the sidewalk where plaintiff slipped, and there was conflicting testimony as to whether the area was salted prior to plaintiff's fall. Defendant's janitorial supervisor testified as to what measures were taken after a snowfall, but could not recall whether he inspected the spot where plaintiff fell on the day of the accident, and thus, had no personal knowledge as to its condition prior to plaintiff's accident. Testimony relating to a general cleaning routine is insufficient to demonstrate that the routine was followed on the day of the accident (see Perez v New York City Hous. Auth., 114 AD3d 586 [1st Dept 2014]; De La Cruz v Lettera Sign & Elec. Co., 77 AD3d 566 [1st Dept 2010]). Defendant's assertion that snow removal operations were performed by it, and the failure to remove all snow and ice from a sidewalk is not negligence, is unavailing. Plaintiff testified that the area where she fell was not salted, and thus, there is a triable issue concerning whether defendant's snow removal methods were adequate.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 24, 2019
CLERK