Anderson v New York City Hous. Auth. (2020 NY Slip Op 06341)





Anderson v New York City Hous. Auth.


2020 NY Slip Op 06341


Decided on November 05, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 05, 2020

Before: Gische, J.P., Webber, González, Scarpulla, JJ. 


Index No. 304863/15 Appeal No. 12262 Case No. 2019-2749 

[*1]Vicente Anderson, Plaintiff-Appellant,
v
The New York City Housing Authority, Defendant-Respondent.


The Altman Law Firm PLLC, Woodmere (Michael T. Altman of counsel), for appellant.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Patrick J. Lawless of counsel), for respondent.



Order, Supreme Court, Bronx County (Llinet Rosado, J.), entered on or about March 8, 2019, which granted defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion denied.
Plaintiff testified that a forecasted winter storm had yet to commence when he slipped and fell on "black," "dirty" ice near his residence in Bronx County, NY. Meteorological records from nearby LaGuardia Airport indicated that barely 0.05 of an inch of precipitation had fallen in Queens County prior to his accident. Given such proof, we find that triable issues exist as to defendant's storm in progress defense (see generally Simpson v City of New York, 126 AD3d 640 [1st Dept 2015]). Moreover, plaintiff's description of the appearance of the ice condition that caused him to fall raises issues of fact as to whether the hazard was not newly formed (see generally Guzman v Broadway 922 Enters., LLC, 130 AD3d 431 [1st Dept 2015]). Additionally, defendant's meteorological expert not only failed to address the nature of the ice hazard on which plaintiff claimed to have fallen, but also stated that in the two days prior to plaintiff's accident, the weather conditions were favorable for an existing 5-inch snowpack in the region to melt and refreeze due to sunlight's radiation effect, and the record demonstrated that defendant's employees last inspected the subject sidewalk two days prior to his accident (see generally Massey v Newburgh W. Realty, Inc., 84 AD3d 564 [1st Dept 2011]; Adario-Caine v 69th Tenants Corp., 164 AD3d 1143 [1st Dept 2018]; Ralat v New York City Hous. Auth., 265 AD2d 185 [1st Dept 1999]). Such evidence raises triable issues whether defendant had constructive notice of the alleged hazardous condition.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 5, 2020