Abraham v Dutch Broadway Assoc. L.L.C. (2021 NY Slip Op 01711)





Abraham v Dutch Broadway Assoc. L.L.C.


2021 NY Slip Op 01711


Decided on March 23, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 23, 2021

Before: Webber, J.P., Oing, Kennedy, Scarpulla, JJ. 


Index No. 152394/17 Appeal No. 13394 Case No. 2020-03382 

[*1]Jaromir Abraham, Plaintiff-Appellant,
v
Dutch Broadway Associates L.L.C., Defendant-Respondent, EZ Mart 4 U Inc., et al., Defendants.


Law Offices of Elan Wurtzel, P.C., Plainview (Elan Wurtzel of counsel), for appellant.
DeSena & Sweeney, LLP, Bohemia (Shawn P. O'Shaughnessy of counsel), for respondent.



Order, Supreme Court, New York County (Gerald Lebovits, J.), entered on or about June 23, 2020, which granted the motion of defendant Dutch Broadway Associates, L.L.C. (Dutch) for summary judgment dismissing the complaint as against it, unanimously reversed, on the law, without costs, and the motion denied.
In this trip-and-fall action, plaintiff testified at his deposition that he fell on the sidewalk of a shopping center owned by Dutch, when his right foot came into contact with rolled-up carpets in front of a store, causing him to stumble, and that his other foot then got caught in an uneven crack in the sidewalk. The court properly found that Dutch had no notice of the carpets (see Prevost v One City Block LLC, 155 AD3d 531, 534 [1st Dept 2017]).
However, there are issues of fact as to whether defendant had constructive notice of the sidewalk defect, whether the defect was trivial, and whether it proximately caused plaintiff's fall. Defendant failed to offer specific evidence as to when the sidewalk was last inspected, relying only on vague testimony concerning the manager's occasional visits to the shopping center (see Simpson v City of New York, 126 AD3d 640, 640-641 [1st Dept 2015]; Guerrero v Duane Reade, Inc., 112 AD3d 496, 496 [1st Dept 2013]). Plaintiff's submission of photographs depicting the height differential in the raised sidewalk flag to be about one inch also raised an issue of fact as to whether the defect was nontrivial (see McCabe v Avalon Bay Communities, Inc., 177 AD3d 487, 488 [1st Dept 2019]). While plaintiff testified that he first tripped on the rolled-up carpets before coming into contact with the sidewalk defect, "there can be more than one proximate cause of an accident" (Nunez v Recreation Rooms & Settlement, 229 AD2d 359, 360 [1st Dept 1996]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 23, 2021