Ortiz v Country Beer Distrib. Inc. (2024 NY Slip Op 05411)

Ortiz v Country Beer Distrib. Inc.

2024 NY Slip Op 05411

Decided on October 31, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 31, 2024

Before: Webber, J.P., Oing, Kapnick, Kennedy, JJ.

Index No. 26727/17 Appeal No. 2948 Case No. 2023-02172 

[*1]Rafael Ortiz, Plaintiff-Respondent,
v
Country Beer Distribution Inc., et al., Defendants, Dominick Eugene etc., Defendant-Appellant.

Ahmuty, Demers & McManus, Albertson (Kevin J. Murtagh of counsel), for appellant.
Joshua Annenberg, New York, for respondent.

Order, Supreme Court, Bronx County (Allison Y. Tuitt, J.), entered April 4, 2023, which denied the motion of defendant Dominick Eugene as Executor of the Estate of Marco Eugene (the estate) for summary judgment dismissing the complaint, unanimously affirmed, without costs.
The estate failed to meet its prima facie burden on its motion, as it submitted no evidence showing that it did not either create the sidewalk defect or have actual or constructive notice of it (see Spector v Cushman & Wakefield, Inc., 87 AD3d 422, 423 [1st Dept 2011]). The estate admits that as the owner of the premises it had a duty to maintain the sidewalk under Administrative Code of City of NY § 7-210. It, however, does not refute plaintiff's claim that the sidewalk was defective. We reject the estate's argument that it is entitled to summary judgment because plaintiff failed to "prove" that the sidewalk was the cause of his fall, as that argument constitutes an improper attempt to shift the burden to plaintiff on summary judgment (see Katz v United Synagogue of Conservative Judaism, 135 AD3d 458, 462 [1st Dept 2016]).
In view of the estate's failure to meet its prima facie burden, it is unnecessary to determine whether plaintiff raised a triable issue of fact in his opposition papers (see Bahnyuk v Reed, 174 AD3d 481, 483 [1st Dept 2019]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 31, 2024