Irizarry v Pathmark Stores, Inc. (2025 NY Slip Op 00045)

Irizarry v Pathmark Stores, Inc.

2025 NY Slip Op 00045

Decided on January 07, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 07, 2025

Before: Singh, J.P., Kapnick, Scarpulla, Pitt-Burke, O'Neill Levy, JJ. 

Index No. 152283/18 Appeal No. 3398 Case No. 2024-02890 

[*1]Carlos Irizarry, Plaintiff-Respondent,
v
Pathmark Stores, Inc., et al., Defendants, Bradhurst Retail Owners, LLC, et al., Defendants-Appellants.

Gannon, Rosenfarb & Drossman, New York (Lisa L. Gokhulsingh of counsel), for appellants.
H. Bruce Fischer, P.C., Tappan (Zaheer A. Merchant of counsel), for respondent.

Order, Supreme Court, New York County (Eric Schumacher, J.), entered April 22, 2024, which denied defendants Bradhurst Retail Owners, LLC and Bradhurst Court Condominium's (collectively, defendants) motion for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.
The motion court correctly found that the lease for the premises was ambiguous as to who was obligated to maintain and repair the loading dock where the accident occurred, precluding summary judgment in defendants' favor (see Young v Crescent Coffee, Inc., 222 AD3d 704, 705-706 [2d Dept 2023]; see also Abramson v Eden Farm, Inc., 70 AD3d 514, 514 [1st Dept 2010]). Pursuant to the parties' lease, the landlord was obligated to maintain and repair, with certain inapplicable exceptions, the "structure, exterior . . . , roof . . . , ceiling tiles if caused by a roof leak, and floor . . . of the Building necessary to keep same in good condition." Defendants contend that the loading dock was exempted from that definition, relying upon a portion of the lease concerning what the landlord was required to provide as part of the lease's build-out. However, there is nothing indicating that the portions of the building used to calculate the required square footage of the building planned for construction are the same portions intended to be encompassed by the maintenance and repair provisions of the lease.
Defendants also failed to make a prima facie showing that they were not on notice of the condition of the landing plate at the loading dock, as they submitted only the affidavit of a CFO who did not profess to any personal knowledge of the maintenance and repair procedures at the premises (see Torres v New York City Tr. Auth., 79 AD3d 553, 553 [1st Dept 2010]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 7, 2025