■ Robert Lenti et al., Respondents, v Initial Cleaning Services, Inc., Appellant, et al., Defendant. [860 NYS2d 42]—

Order, Supreme Court, New York County (Louis B. York, J.), entered February 27, 2008, which, to the extent appealed from as limited by the briefs, denied defendant Initial Cleaning Services, Inc.'s motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendant Initial Cleaning Services, Inc. dismissing the complaint as against it.

Plaintiff Robert Lenti alleges that at about 7:45 A.M. on Monday, January 12, 2004, while walking from the parking lot

toward the school in which he works, he slipped on a patch of ice on the sidewalk, approximately 8 to 10 inches long and two inches wide, which, like the sidewalk and parking lot, was covered with a thin layer of recently fallen snow. Defendant Initial Cleaning Services made a prima facie showing of entitlement to summary judgment by establishing (1) that defendant, which is not the property owner but an independent contractor that provided janitorial services at the school, owed plaintiff no duty, and (2) that defendant neither created nor had actual or constructive notice of the patch of ice on which plaintiff slipped. In response, plaintiff failed to submit evidentiary materials establishing the existence of a question of fact on these points.

The mere presence of ice does not establish negligence on the part of the entity responsible for maintaining the property. Rather, plaintiff must present evidence from which it may be inferred that the ice on which he slipped was present on the sidewalk for a long enough period of time before the accident that the party responsible for the sidewalk would have had time to discover and remedy the dangerous condition (*see Simmons v Metropolitan Life Ins. Co.*, 84 NY2d 972 [1994]). Speculation that the ice patch on which he slipped had remained there from the snowfall of the week before will not suffice (*see Bernstein v City of New York*, 69 NY2d 1020, 1022 [1987]).

Actual or constructive notice is not established merely by Robert Lenti's assertion that he had observed isolated patches of ice around the property on the Friday afternoon three days before the accident; nor is it established by the evidence of a snowfall one week earlier. Indeed, the submitted climatological data for the date of the accident tends to support the conclusion that the ice could have formed in the nighttime hours before plaintiff's early-morning accident, since it indicates that temperatures on the date of his accident ranged from 26 to 37 degrees, and that some snow fell at 2:00 A.M. on that date, with additional trace amounts of snow falling in the two hours before 6:00 A.M. If the ice formed from the snow that fell at 2:00 A.M., there would not have been sufficient time to discover and remedy the icy condition prior to the accident. In *Gonzalez v American Oil Co.* (42 AD3d 253 [2007]), where the plaintiff slipped on a large patch of ice near the front door of a gas station convenience store, the icy condition would have been discovered if reasonable snow and ice clearing had taken place after the earlier snowfall. In contrast, here it cannot be reasonably inferred from the surrounding circumstances that the patch of ice in question was present "for a considerable period of time prior to the accident" (*id.* at 255) such as would justify imposing on the responsible party the obligation to remedy it.

In any event, plaintiff also failed to offer evidence sufficient to establish that Initial Cleaning Services was under the type of comprehensive and exclusive maintenance contract with the property owner such that its duties would entirely displace those of the property owner to maintain the property in a safe condition (see Espinal v Melville Snow Contrs., 98 NY2d 136, 140-141 [2002]). The mere supposition that its snow-clearing activities one week before plaintiff's accident must have left behind the patches of ice that plaintiff claims to have observed is insufficient to establish the exception to Espinal's general rule that applies where the defendant "launched a force or instrument of harm" (id. at 141, quoting Moch Co. v Rensselaer Water Co., 247 NY 160, 168 [1928]). Indeed, a similar claim was made in Espinal, and the Court rejected the plaintiff's reasoning that snow plowing can leave residual snow or ice; it remarked that "by merely plowing the snow, Melville cannot be said to have created or exacerbated a dangerous condition" (id. at 142). Plaintiff here has a similar lack of particular information as to how defendant "launched a force or instrument of harm" beyond the supposition that it left patches behind when it cleared the earlier snowfall.

The other two exceptions to the general rule explained in Espinal are similarly lacking in evidentiary support. Plaintiff offers no support for a claim that he detrimentally relied on defendant's continued performance of its contractual obligation. As to the assertion that defendant "completely absorbed the duties of the landowner and entirely displaced the owner's duties to maintain the premises," the relied-upon testimony by defendant's facilities manager at Holy Trinity High School is insufficient to establish that which plaintiff asserts. Concur—Saxe, J.P., Nardelli, Catterson and McGuire, JJ.