■ JAMIE VIDAL, Respondent, v CITY OF NEW YORK, Defendant, and NEW YORK CITY HOUSING AUTHORITY, Appellant. [996 NYS2d 25]—

Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered on or about January 17, 2014, which denied the motion of defendant New York City Housing Authority (NYCHA) for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.

NYCHA established its entitlement to judgment as a matter of law in this action where plaintiff allegedly slipped and fell on an icy condition on NYCHA's property. NYCHA's supervisor of grounds testified that he and his crew had shoveled snow, removed ice, and salted and sanded the parking lot after a snow fall the day before the accident, and that any icy condition was addressed. Such evidence showed that NYCHA did not have actual or constructive notice of the icy condition (*see Cyril v Mueller*, 104 AD3d 465 [1st Dept 2013]).

In opposition, plaintiff failed to raise a triable issue of fact. He presented no evidence that NYCHA created the condition, that it was readily apparent, or that it was present for a sufficiently long period of time so that NYCHA had an opportunity to remedy the alleged hazard (*see Robinson v 156 Broadway Assoc., LLC*, 99 AD3d 604 [1st Dept 2012]). Nor did plaintiff describe with any specificity the alleged condition that caused him to fall, from which it might be inferred, without speculation, that it was visible and apparent, particularly in view of the testimony of the supervisor of grounds that he had cleared the area and no snow or ice remained (*see Jenkins v Rising Dev.-BPS, LLC*, 105 AD3d 568 [1st Dept 2013]).

Although the issue was not addressed by the motion court, there is no triable issue as to whether the lighting in the parking lot contributed to plaintiff's fall. The record shows that NYCHA's supervisor of grounds inspected the exterior lights several days prior to plaintiff's fall and found them to be functioning properly, and plaintiff did not submit any evidence contradicting such testimony. Concur—Sweeny, J.P., Andrias, Saxe, Richter and Feinman, JJ.