Williams v New York City Hous. Auth. (2018 NY Slip Op 05405)





Williams v New York City Hous. Auth.


2018 NY Slip Op 05405


Decided on July 19, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 19, 2018

Sweeny, J.P., Manzanet-Daniels, Mazzarelli, Oing, Moulton, JJ.


5950 22645/14E

[*1]Connie Williams, Plaintiff-Appellant,
v
New York City Housing Authority, Defendant-Respondent.


Glenn H. Shore, P.C., New York (Glenn H. Shore of counsel), for appellant.
Wilson Elser Moskowitz Edelman & Dicker, LLP, New York (Patrick J. Lawless of counsel), for respondent.



Order, Supreme Court, Bronx County (Larry S. Schachner, J.), entered March 30, 2017, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Dismissal of the complaint was proper in this action where plaintiff alleges that she was injured when she slipped and fell on ice while walking on a concrete walkway in front of defendant's building. Defendant cannot avail itself of the storm-in-progress defense. The weather records indicate that trace amounts of freezing rain had stopped several hours before plaintiff's accident, and "precipitation [had] tailed off to such an extent that there [was] no longer any appreciable accumulation" (Ndiaye v NEP W. 119th St. LP, 124 AD3d 427, 428 [1st Dept 2015] [internal quotation marks omitted]).
However, plaintiff failed to raise an issue of fact that defendant created the condition. Plaintiff testified that she did not see ice the day before the accident when she walked through the area, and her expert averred that the weather records showed that ice was not present on untreated exposed surfaces for several days before plaintiff's fall (see Lenti v Initial Cleaning Servs., Inc., 52 AD3d 288, 289 [1st Dept 2008]). Plaintiff's expert merely speculated that the ice formed as the result of the melting and refreezing of the snow that was piled along the building fence in connection with a snowstorm that had occurred the previous week. As noted, the weather records established that the temperature never went above freezing in the days before the accident and only rose to 34 degrees less than an hour before plaintiff fell. Notably, her expert averred that any precipitation that fell that day would not have melted upon impact at the location unless the pavers had been chemically pretreated. Moreover, plaintiff testified that she could not extend her hands to touch the fence from the area where she fell nor could she estimate the distance between that location and the snow piles.
Furthermore, defendant established that it lacked actual and constructive notice of the icy condition. Defendant's assistant superintendent testified that she was the person overseeing the snow removal efforts on the day of the accident; that the location was salted and sanded three times during her shift; that she inspected the accident location an hour before the accident happened, and that she received no complaints about the location before plaintiff fell (see Vidal v City of New York, 122 AD3d 419 [1st Dept 2014]).
In opposition, plaintiff offered no evidence that defendant had actual knowledge of the condition. Moreover, plaintiff, who only saw the condition after she fell, could not describe the dimensions, shape or thickness of the ice. Therefore, she failed to raise an issue of fact that the condition was visible and existed for a sufficient length of time before the accident to permit defendant's employees to discover and remedy it (see Lenti, 52 AD3d at 289). Contrary to plaintiff's contention, her daughter's claim that she saw ice at the location did not raise a triable issue of fact (see Slates v New York City Hous. Auth., 79 AD3d 435, 436 [1st Dept 2010], lv [*2]denied 16 NY3d 708 [2011]).
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 19, 2018
CLERK