Anderson v AAC Cross County Mall, LLC (2026 NY Slip Op 00608)

Anderson v AAC Cross County Mall, LLC

2026 NY Slip Op 00608

Decided on February 10, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 10, 2026

Before: Kennedy, J.P., Scarpulla, Gesmer, Mendez, Hagler, JJ. 

Index No. 807798/21|Appeal No. 5783|Case No. 2024-05118|

[*1]Latoya Anderson, Plaintiff-Respondent-Appellant,
vAAC Cross County Mall, LLC et al, Defendants-Appellants-Respondents, King Fences, Inc., Defendant-Respondent.

Morris Duffy Alonso Faley & Pitcoff, New York (Robert S. Whitbeck of counsel), for appellants-respondent.
Pollack, Pollack, Isaac & DeCicco, LLP, New York (Lori E. Parkman of counsel), for respondent-appellant.
Milber Makris Plousadis & Seiden, LLP, Woodbury (Lorin A. Donnelly of counsel), for respondent.

Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered July 22, 2024, which, to the extent appealed from as limited by the briefs, granted the motion of defendant King Fences, Inc. for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.
Plaintiff alleges that she was injured in a parking lot when she slipped and fell on a patch of ice covered by fresh snowfall during an ongoing storm. Defendant AAC Cross County Mall, LLC, which managed the premises for defendant owner Ashkenazy Acquisition Corp., had an ongoing snow and ice removal contract with King Fences, a snow removal contractor, to plow and salt the parking lot when necessary.
As an entity that had entered into a contract with AAC, King Fences owed no independent duty of care to plaintiff, with whom King Fences was not in privity. In addition, King Fences established prima facie that it did not owe plaintiff a duty of care under any of the exceptions set forth in Espinal v Melville Snow Contrs. (98 NY2d 136, 140, 142 [2002]). King Fences' agreement with AAC contained no requirement that King Fences pre-salt the roadways or parking lots. Similarly, the agreement did not require King to inspect, monitor, or return to the premises after plowing or salting, or to remove snow from the premises. The evidence further established that King Fences did not plow or salt of the parking lot on the day of the accident before plaintiff slipped and fell. Thus, King Fences cannot be found to have launched "a force or instrument of harm" subjecting it to potential liability (see Espinal, 98 NY2d at 140, 142).
In opposition, plaintiff speculates that her injury resulted from King Fences' negligent removal of snow after an earlier storm. The record, however, offers no support for this theory (see Rios v Acosta, 8 AD3d 183, 184 [1st Dept 2004]). Plaintiff's testimony that she did not see any snow or ice in the parking lot the night before the accident, and that the snow on the ground on the day she fell did not appear plowed, shoveled, salted, or treated with sand, refutes her supposition that King Fences' earlier snow-clearing activities created the dangerous condition (see Lenti v Initial Cleaning Servs., Inc., 52 AD3d 288, 290 [1st Dept 2008]).
In addition, the opinion of plaintiff's expert that plaintiff slipped because the temperature rose and then dropped before the accident, causing puddles in the parking lot to refreeze, does not support an inference that King Fences' snow removal efforts caused plaintiff's injury (see Nadel v Cucinella, 299 AD2d 250, 251 [1st Dept 2002]). Indeed, plaintiff's expert stated that the melted and refrozen condition that caused plaintiff's fall was a direct result of defendants' failure to apply a preventive application of rock salt — a "passive omission" that would not serve to impose liability on King Fences (see Santos v Deanco Servs., Inc., 142 AD3d 137, 138 [2d Dept 2016]). Moreover King Fences had no obligation to apply rock salt unless AAC directed it to do so.
The other Espinal exceptions do not apply, as plaintiff does not argue on appeal that King Fences displaced AAC's duty to maintain the premises or that she detrimentally relied upon King Fences' contractual snow-removal services (see Aiello v Burns Intl. Sec. Servs. Corp., 110 AD3d 234, 246 [1st Dept 2013]; Lenti, 52 AD3d at 290).
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 10, 2026