█ JOANNE GARTMANN, Respondent, v CITY OF NEW YORK et al., Defendants, and A & A SPRINT ENTERPRISES, INC., Appellant. (And a Third-Party Action.) [890 NYS2d 5]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered December 17, 2008, which, to the extent appealed from as limited by the brief, denied defendant A & A Sprint Enterprises, Inc.'s motion for summary judgment dismissing the complaint as against it, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendant A & A Sprint Enterprises, Inc. dismissing the complaint as against it.

No issue of fact as to whether defendant snow removal contractor created or exacerbated the alleged dangerous condition that caused plaintiff's fall is raised by the evidence that after the most recent snowfall defendant plowed the parking lot and spread calcium chloride on it (*see Espinal v Melville Snow Contrs.*, 98 NY2d 136, 141-142 [2002]). Nor, since the snow removal contract obligated defendant to plow only after the owner asked it to do so, did defendant "entirely absorb [the owner's] duty as a landowner to maintain the premises safely" (*id.* at 141; *see Fung v Japan Airlines Co., Ltd.*, 9 NY3d 351, 361 [2007]). In addition, plaintiff does not allege detrimental reliance on defendant's continued performance of its contractual

obligations (*see e.g. Espinal* at 140). Thus, the record demonstrates as a matter of law that defendant owed no duty of care to plaintiff and cannot be held liable in tort for her injuries (*see id.* at 138). Concur—Tom, J.P., Saxe, Renwick, DeGrasse and Richter, JJ.