■ THOMAS G. ISSING et al., Appellants, v MADISON SQUARE GARDEN, INC., et al., Defendant. BECK'S NORTH AMERICAN INC. et al., Third-Party Plaintiffs, v MADISON SQUARE GARDEN CENTER, INC., Third-Party Defendant-Respondent. [902 NYS2d 89]—

Judgment, Supreme Court, New York County (Louis B. York, J.), entered October 5, 2009, dismissing the complaint and third-party complaint, and bringing up for review orders, same court and Justice, entered May 6, 2009 and August 14, 2009, which, in an action for personal injuries sustained in a slip and fall on third-party defendant's premises, inter alia, granted third-party defendant's motion to strike plaintiffs' amended bill of particulars and to dismiss the complaint, unanimously reversed, on the law, without costs, the judgment vacated, third-party defendant's motion denied, and the amended bill of particulars, complaint, and third-party complaint reinstated.

Plaintiffs properly amended their bill of particulars, without leave of the court (CPLR 3042 [b]), so as to allege that the accident occurred on February 3, 2004, not March 29, 2004 as they originally had alleged in their complaint and first bill of

particulars. The change concerned a factual detail in the pleading that, contrary to the motion court's conclusion, did not constitute a new claim requiring a motion for leave to amend the complaint; nor did it cause prejudice (*see Drwal v 101 Ltd. Partnership*, 271 AD2d 227 [2000]). As the dismissal of the complaint was based on the prior striking of the amended bill of particulars, our denial of the motion to strike necessarily requires denial of the motion to dismiss.

Even assuming, arguendo, that plaintiffs were required to seek leave to amend the complaint so as to allege the different accident date, the evidence contained in their cross motion for that relief was sufficient. More particularly, plaintiffs sufficiently showed, for present purposes (*see Hospital for Joint Diseases Orthopaedic Inst. v Katsikis Envtl. Contrs.*, 173 AD2d 210 [1991]), that the injured plaintiff slipped and was injured on a hazardous wet surface while playing indoor basketball at third-party defendant's arena and immediately sought emergency medical treatment, the records of the emergency room he visited are corroborative of a February 3, 2004 accident date, this was the only time plaintiff had ever gone to this emergency room, and defendants had sponsored the basketball game. Concur—Tom, J.P., Andrias, Catterson, Moskowitz and Acosta, JJ.