■ Rosa Bojovic, Respondent, v Lydig Bejing Kitchen, Inc., et al., Appellants. [936 NYS2d 205]—

Defendants failed to make a prima facie showing that they did not have constructive notice of the dangerous snow and ice condition on the sidewalk in front of their premises. In support of their motion, defendants point to plaintiff's deposition testimony that the last snowfall prior to her accident (at about 10:00 A.M. on January 31, 2007) occurred the day before, when it snowed "about one inch." Defendants also cite a restaurant employee's testimony that his practice and procedure was to shovel snow as soon as the restaurant opened for business at 11:00 A.M.; that he would not have arrived at work until that time; and that he did not recall whether he saw snow on the ground upon arrival. Based on the foregoing, defendants contend that they could not have reasonably discovered a dangerous condition that existed at the time of plaintiff's fall. Defendants, however, did not offer any evidence to refute plaintiff's contention that a dangerous snow and ice condition existed at the time of her fall, and that it existed for a sufficient length of time prior to the accident to permit defendants' employees to discover and remedy it. The deposition testimony of the restaurant employee is not probative, "because he had no personal knowledge of the condition of the sidewalk at the time of the accident or in the hours immediately preceding it" (*Lebron v Napa Realty Corp.*, 65 AD3d 436, 437 [2009]).

Even if defendants met their prima facie burden, plaintiff raised a triable issue of fact as to whether defendants had constructive notice of the alleged hazard. Plaintiff pointed to her deposition testimony, and the deposition testimony of a nonparty witness, that the sidewalk where she fell was covered in snow and "bumpy ice." Plaintiff also submitted the affidavit of a certified meteorologist who opined, based on annexed weather records, that the snow and ice condition predated an overnight snowfall and was caused by repeated freeze-thaw cycles during the days preceding plaintiff's accident. This evidence, concerning the nature and duration of the hazardous condition, is sufficient to raise a triable issue of fact (see Massey v Newburgh W. Realty, Inc., 84 AD3d 564, 567 [2011]; see also Garcia v Mack-Cali Realty Corp., 52 AD3d 420, 421 [2008]).

We have considered defendants' remaining contentions and find them unavailing. Concur—Andrias, J.P., Sweeny, Moskowitz, Renwick and Freedman, JJ.