■ The People of the State of New York, Respondent, v Luis Williams, Appellant. [977 NYS2d 663]—An appeal having been taken to this Court by the above-named appellant from a judgment of the Supreme Court, Bronx County (Eugene Oliver, J., at plea; John Moore, J., at sentence), rendered on or about October 25, 2011, said appeal having been argued by counsel for the respective parties, due deliberation having been had thereon, and finding the sentence not excessive, it is unanimously ordered that the judgment so appealed from be and the same is hereby affirmed. Concur—Andrias, J.P., Acosta, Moskowitz, Richter and Manzanet-Daniels, JJ.

■ Lucrecia Penn, Respondent, v 57-63 Wadsworth Terrace Holding, LLC, et al., Appellants. [975 NYS2d 668]—

Order, Supreme Court, New York County (Carol R. Edmead, J.), entered August 2, 2012, which denied defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Defendants, owners and property manager, failed to establish their entitlement to judgment as a matter of law in this action where plaintiff was injured when she slipped and fell on ice in the courtyard of the building in which she lived. The record presents triable issues of fact as to whether the icy condition that caused plaintiff's fall existed prior to the storm, and whether defendants lacked notice of the preexisting condition (see Bojovic v Lydig Bejing Kitchen, Inc., 91 AD3d 517 [1st Dept 2012]). Nor is Administrative Code of City of NY § 16-123 availing to defendants' position because it does not appear that the accident occurred on a public sidewalk (see Vosper v Fives 160th, LLC, 110 AD3d 544 [1st Dept 2013]). Concur—Andrias, J.P., Acosta, Moskowitz, Richter and Manzanet-Daniels, JJ.