◼ THOMAS A. MIKE, Respondent, v 91 PAYSON OWNERS CORP. et al., Appellants. [979 NYS2d 332]—

Order, Supreme Court, New York County (Richard F. Braun, J.), entered August 5, 2013, which denied defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff was injured after he allegedly slipped and fell on ice obscured by new snow that was on the sidewalk in front of the building where he lived. Although defendants, the owner and property manager of the building, established that it was snowing when plaintiff fell, the conflicting expert affidavits as to the weather conditions that existed on the day of and days prior to the accident raised triable issues as to whether the ice that allegedly caused the accident was formed before the storm, as opposed to being created by the precipitation from the storm in progress (*see Bogdanova v Falcon Meat Mkt.*, 107 AD3d 638, 639 [1st Dept 2013]; *Massey v Newburgh W. Realty, Inc.*, 84 AD3d 564, 567 [1st Dept 2011]). Defendants also failed to indicate when the sidewalk had last been inspected or cleaned of snow and ice (*see Bojovic v Lydig Bejing Kitchen, Inc.*, 91 AD3d 517 [1st Dept 2012]), and their showing of their general cleaning procedures is insufficient to satisfy their burden of establishing that they lacked notice of the alleged condition prior to the accident (*see Rodriguez v Bronx Zoo Rest., Inc.*, 110 AD3d 412 [1st Dept 2013]). Plaintiff's affidavit does not conflict with his deposition testimony (*see Alvia v Mutual Redevelopment Houses, Inc.*, 56 AD3d 311, 312 [1st Dept 2008]).

Defendant property manager's fact-based argument that it cannot be held liable under the Administrative Code of the City of New York is raised for the first time on appeal, and we decline to review it (*see e.g. Ta-Chotani v Doubleclick, Inc.*, 276 AD2d 313 [1st Dept 2000]). Were we to review the argument, we would find it unavailing. Concur—Mazzarelli, J.P., Acosta, Saxe and Moskowitz, JJ.