■ KATHLEEN DeCANIO et al., Appellants, v PRINCIPAL BUILDING SERVICES INC. et al., Respondents. [983 NYS2d 2]—

Orders, Supreme Court, New York County (Richard F. Braun, J.), entered August 17, 2012, which granted defendants' motions for summary judgment dismissing the complaint, unanimously modified, on the law, the motion denied as to defendant Principal Building Services Inc. (PBS), and otherwise affirmed, without costs.

The court properly granted the summary judgment motion of defendant snow-removal subcontractor City and County Paving Corp. (CCPC). CCPC's snow-removal contract with defendant property manager PBS, standing alone, is insufficient to "trigger a duty of care running" to plaintiff (*Fung v Japan Airlines Co., Ltd.*, 9 NY3d 351, 360 [2007]). Further, CCPC's acts of plowing and salting the employee parking lot where plaintiff al-

legedly slipped and fell, as required by its contract with PBS, cannot be said to have "created or exacerbated a dangerous condition" (*id.* at 361 [internal quotation marks omitted]). In addition, the record shows that CCPC did not completely absorb the landowner's duty to maintain the premises safely. Indeed, the snow-removal contract between PBS and CCPC obligated CCPC to plow only after two inches of snow or more fell, or after PBS asked it to do so, and it did not require snow or ice removal in the area where plaintiff fell (*id.*; *see also Espinal v Melville Snow Contrs.*, 98 NY2d 136, 141 [2002]). Nor may plaintiff assert that she detrimentally relied upon PBS's or CCPC's continued performance of snow-removal services, as she did not set forth that allegation in the pleadings (*see Gartmann v City of New York*, 67 AD3d 468, 468-469 [1st Dept 2009]).

A question of fact, however, exists as to whether PBS's contractual responsibility to maintain the entire facility displaced the landowner's duty to maintain the property in a reasonably safe condition (*see Tamhane v Citibank, N.A.*, 61 AD3d 571, 572-573 [1st Dept 2009]). Indeed, PBS's property manager testified that PBS was responsible for the maintenance of the entire premises, including the parking lot where plaintiff fell (*see Palka v Servicemaster Mgt. Servs. Corp.*, 83 NY2d 579, 588-589 [1994]).

In addition, PBS failed to make a prima facie showing that it lacked constructive notice of the ice in the employee parking lot. Indeed, it submitted no evidence refuting plaintiff's contention that the ice that allegedly caused her to fall existed at the accident location for approximately two days before the incident (*see Penn v 57-63 Wadsworth Terrace Holding, LLC*, 112 AD3d 426 [1st Dept 2013]). The property manager's deposition is not probative as to whether PBS lacked actual or constructive notice of the ice in the employee parking lot, as he had no personal knowledge of the condition of the lot at the time of the incident or in the hours immediately preceding it (*Lebron v Napa Realty Corp.*, 65 AD3d 436, 437 [1st Dept 2009]). Further, his testimony as to which employees he would rely upon to notify him about ice and other conditions at the premises is insufficient to satisfy PBS's burden of establishing that it lacked notice of the complained-of condition prior to the accident (*see Mike v 91 Payson Owners Corp.*, 114 AD3d 420 [1st Dept 2014]; *Lebron*, 65 AD3d at 437). Concur—Gonzalez, P.J., Mazzarelli, Renwick, Feinman and Gische, JJ.