■ SANSONIA WOMBLE, Respondent, v NYU HOSPITALS CENTER, Appellant. [998 NYS2d 49]—

Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered December 23, 2013, which denied defendant's motion for summary judgment dismissing the complaint, unanimously modified, on the law, to the extent of dismissing so much of plaintiff's claim as is predicated upon sections of the Administrative Code of the City of New York, and otherwise affirmed, without costs.

Defendant failed to establish entitlement to judgment as a matter of law where the certified climatological data report it relied upon to support its defense of a storm-in-progress lacked a key explaining the data codes used in the report. Defendant also failed to offer evidence as to its last pre-accident inspection of the sidewalk condition, predicated upon personal knowledge, to address the deposition testimony given by plaintiff and defendant's own security guard that indicated that at least one to two inches of grey slushy snow and ice existed on the sidewalk at the time of plaintiff's fall. Accordingly, defendant failed to show that it had a basis for claiming a lack of notice of the alleged snow/ice condition (*see e.g. DeCanio v Principal Bldg. Servs. Inc.*, 115 AD3d 579 [1st Dept 2014]; *Mike v 91 Payson Owners Corp.*, 114 AD3d 420 [1st Dept 2014]). Defendant's lone witness testified that he did not arrive at the building for work until after plaintiff's accident, and had not been at work for a week prior to the accident.

Even assuming that defendant met its burden on the motion, plaintiff's opposition raised triable issues of fact. Such issues include whether a storm was in progress at the time of plaintiff's fall; whether old snow and ice from prior, recent snowfalls had contributed to the subject hazardous condition; whether defendant had notice of an alleged preexisting hazardous condition in time to remedy it; and whether a preexisting condition was merely exacerbated by the most recent freezing rain which measured only three-one hundredths of an inch in the 90 minutes prior to plaintiff's fall (*see Mike v 91 Payson Owners Corp.*, 114 AD3d at 420; *Penn v 57-63 Wadsworth Terrace Holding, LLC*, 112 AD3d 426 [1st Dept 2013]; *Vosper v Fives 160th, LLC*, 110 AD3d 544 [1st Dept 2013]).

The order is modified to the extent indicated because the sections of the Administrative Code that plaintiff refers to have either been repealed (§§ 27-127, 27-128), or are inapplicable (§§ 27-104, 28-301.1). Concur—Sweeny, J.P., DeGrasse, Manzanet-Daniels, Feinman and Gische, JJ.