■ Fama Ndiaye, Appellant, v NEP West 119th Street LP, Respondent. [1 NYS3d 50]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered August 9, 2013, which, insofar as appealed from as limited by the briefs, granted defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion denied.

Plaintiff seeks damages for injuries she allegedly suffered when she slipped and fell on ice on the front steps of defendant's building. Defendant contends that it is not liable for failing to remedy the dangerous condition because there was a storm in progress at the time of the accident (*see Pippo v City of New York*, 43 AD3d 303, 304 [1st Dept 2007]). Upon our review of the record, issues of fact exist as to the applicability of the storm in progress rule.

In support of its motion, defendant submitted an affidavit by a certified meteorologist who stated, based on weather data annexed to the affidavit, that on the day of plaintiff's accident, from midnight until approximately 2:00 p.m., a winter storm

was occurring. Plaintiff's accident happened at approximately 11:30 a.m. However, the weather data from one of the three location sources on which the meteorologist based his analysis also shows that the last (light) snow fall ceased at 6:25 a.m. on the day of the accident and that freezing rain fell until 8:27 a.m. and did not start falling again until 11:35 a.m. A surveillance video shows that there was no precipitation at the time of plaintiff's fall.

Although "a temporary lull or break in the storm at the time of the accident would not necessarily establish a reasonable opportunity to clear away the hazard[,] . . . if the storm has passed and precipitation has tailed off to such an extent that there is no longer any appreciable accumulation, then the rationale for continued delay abates, and [common sense] would dictate that the [storm in progress] rule not be applied" (*Powell v MLG Hillside Assoc.*, 290 AD2d 345, 345-346 [1st Dept 2002]). Here, triable issues of fact exist as to whether plaintiff's accident occurred while the storm was still in progress or whether there was a significant lull in the storm, and whether the three hours that elapsed between the last freezing rain and plaintiff's accident afforded defendant a reasonable opportunity to clear the steps (*see Vosper v Fives 160th, LLC*, 110 AD3d 544, 544-545 [1st Dept 2013]; *Pipero v New York City Tr. Auth.*, 69 AD3d 493 [1st Dept 2010]).

Moreover, the record presents triable issues of fact as to whether the icy condition that caused plaintiff's fall existed prior to the storm, and whether defendants lacked notice of the preexisting condition (*see Penn v 57-63 Wadsworth Terrace Holding, LLC*, 112 AD3d 426 [1st Dept 2013]). The affidavit of defendant's expert states that at the start of the day on which the accident occurred "approximately 17 inches of snow and ice cover was present on untreated, undisturbed and exposed outdoor surfaces in the vicinity of the subject area." While the expert states that frozen precipitation fell intermittently during the day of the accident, he did not state that the alleged icy condition on the steps resulted from that precipitation and not from remnants of ice that may have remained on the steps from the prior snowfalls.

Furthermore, plaintiff and her son testified that the steps had been icy for some days before the accident. Defendant submitted no evidence as to when the steps had last been inspected or cleaned of snow and ice or as to the condition of the steps on the day of the accident or the days immediately preceding it. Its superintendent's testimony about its general cleaning procedures alone is insufficient to establish that de-

fendant lacked notice of the alleged condition before the accident (*Mike v 91 Payson Owners Corp.*, 114 AD3d 420 [1st Dept 2014]). Concur—Mazzarelli, J.P., Renwick, Andrias, Saxe and Kapnick, JJ.