■ VIOLETA M. GAMINO, Respondent, v DDSR PROPERTIES, INC., Appellant. [46 NYS3d 797]—

Order, Supreme Court, Bronx County (Betty Owen Stinson, J.), entered September 28, 2015, which denied defendant's motion for summary judgment dismissing the complaint, and order, same court and Justice, entered April 13, 2016, which denied defendant's motion to compel plaintiff to submit to a medical examination, preclude plaintiff from submitting evidence of her physical condition at trial, or vacate the note of issue, unanimously modified, on the law, to require plaintiff to serve HIPAA compliant authorizations on defendant's counsel within 30 days of entry of this order, and otherwise affirmed, without costs.

Issues of fact exist as to whether there was snowfall at the

time and location of plaintiff's accident and, if so, whether the ice on which plaintiff allegedly slipped and fell derived from prior snowfalls and existed for a sufficient length of time to put defendant on notice (*see Ndiaye v NEP W. 119th St. LP*, 124 AD3d 427, 428 [1st Dept 2015]). Specifically, both plaintiff and her partner submitted affidavits stating that it did not snow on the day of her accident until after the accident, plaintiff testified that there was ice on the ground at the time of her accident, and her partner averred that there was ice at the location of the accident an hour before it started snowing and that it had not snowed in days prior to the accident, which was corroborated by daily meteorological records which also showed an accumulation of 15 inches of snow on the ground from previous snowfalls. The meteorological records relied on by defendant showing snow at LaGuardia Airport at the time of plaintiff's accident, but unaccompanied by an expert affidavit, are not dispositive of weather conditions in the Bronx, where the accident occurred (*Duffy-Duncan v Berns & Castro*, 45 AD3d 489, 490 [1st Dept 2007]; *see also Lebron v Napa Realty Corp.*, 65 AD3d 436, 437 [1st Dept 2009]).

Further, Supreme Court did not abuse its discretion in denying defendant's motion, made some 10 months after the note of issue had been filed, to compel plaintiff to submit to a medical evaluation. However, plaintiff should be required to serve HIPAA compliant authorizations on defendant's counsel within 30 days of entry of this order. Concur—Friedman, J.P., Mazzarelli, Andrias, Feinman and Gesmer, JJ.