Thomas v New York City Hous. Auth. (2018 NY Slip Op 06789)





Thomas v New York City Hous. Auth.


2018 NY Slip Op 06789


Decided on October 11, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 11, 2018

Sweeny, J.P., Tom, Gesmer, Kern, Moulton, JJ.


7280 156815/14

[*1]Cecy Thomas, Administratrix of the Estate of Thomas Santos, Plaintiff-Respondent,
v
New York City Housing Authority, Defendant-Appellant.


Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Patrick J. Lawless of counsel), for appellant.
The Law Offices of Jeffrey F. Levine, New York (Jeffrey F. Levine of counsel), for respondent.



Order, Supreme Court, New York County (Carol R. Edmead, J.), entered November 22, 2017, which denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Defendant established, through an expert report and meteorological records, that on January 5, 2014, a freezing rain storm occurred before the decedent's alleged accident and ended after or shortly before the accident, implicating the storm-in-progress doctrine (see generally Colon v 36 Rivington St., Inc., 107 AD3d 508 [1st Dept 2013]). However, defendant failed to establish the condition of the walkway on which the decedent fell before the storm began. The meteorological records show that a snow storm had occurred on January 2 and 3, causing between six and seven inches of snow to fall. They also show that the snow melted and re-froze on January 4. Thus, defendant failed to eliminate the issues of fact whether there was ice on the walkway before the freezing rain storm began and whether it had been there long enough for defendant to discover and remedy the situation (see Mike v 91 Payson Owners Corp., 114 AD3d 420 [1st Dept 2014]; Bojovic v Lydig Bejing Kitchen, Inc., 91 AD3d 517, 518 [1st Dept 2012]).
We agree with defendant that the decedent's own testimony appears to contradict itself on numerous occasions, and strains credulity on others. However, we do not find the testimony incredible as a matter of law, and leave it to the trier of fact to evaluate.
We have considered defendant's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 11, 2018
CLERK