Wolf v St. Vincent's Catholic Med. Ctrs. of N.Y. (2019 NY Slip Op 03293)





Wolf v St. Vincent's Catholic Med. Ctrs. of N.Y.


2019 NY Slip Op 03293


Decided on April 30, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 30, 2019

Renwick, J.P., Richter, Gesmer, Kern, Singh, JJ.


9141 101241/07

[*1]John Wolf, Plaintiff-Appellant,
v
St. Vincent's Catholic Medical Centers of New York, Defendant-Respondent.
St. Vincent's Catholic Medical Centers of New York, Third-Party Plaintiff-Respondent,
v
Sodexho America, LLC, Third-Party Defendant-Respondent.


William Schwitzer & Associates, P.C., New York (Howard R. Cohen of counsel), for appellant.
Costello, Shea & Gaffney, LLP, Rockville Centre (Steven E. Garry of counsel), for St. Vincent's Catholic Medical Centers of New York, respondent.
Wade Clark Mulcahy, LLP, New York (Dana Purcaro of counsel), for Sodexho America, LLC, respondent.



Order, Supreme Court, New York County (Geoffrey D. Wright, J.), entered January 17, 2018, which granted plaintiff's motion for leave to renew and reargue, and upon reargument, adhered to its prior order granting defendant St. Vincent's Catholic Medical Centers of New York's motion for summary judgment dismissing the complaint as against it; and order, same court and Justice, entered on or about March 20, 2018, which, insofar as appealed, granted plaintiff's motion for reargument as to the dismissal of the complaint, and upon reargument, adhered to its prior order granting defendant third-party defendant Sodexho America, LLC's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the complaint and third-party complaint reinstated, and the matter remitted for proceedings consistent with this decision.
Although it is undisputed that about 10 inches of snow fell about two hours before the January 28, 2004 accident, Supreme Court should have denied St. Vincent's and Sodexho summary judgment because their submissions failed to address the complaint's allegations that the ice was on the sidewalk before that storm and that they received notice that it was there. Specifically, they failed to present evidence from someone with knowledge as to whether either entity received a complaint about the location before the storm commenced and the area's condition before the new precipitation fell (see Bojovic v Lydig Bejing Kitchen, Inc., 91 AD3d 517, 517-518 [1st Dept 2012]). Given St. Vincent's and Sodexho's failure to meet their initial burden to show that they lacked actual or constructive notice of the alleged icy condition, the motion court should have denied their respective summary judgment motions without considering the
sufficiency of plaintiff's opposition (see Rodriguez v Bronx Zoo Rest., Inc., 110 AD3d 412, 413 [1st Dept 2013]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 30, 2019
CLERK