Herrera v Vargas (2020 NY Slip Op 03082)





Herrera v Vargas


2020 NY Slip Op 03082


Decided on May 28, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 28, 2020

Renwick, J.P., Richter, Manzanet-Daniels, Singh, Moulton, JJ.


11577 302090/15

[*1]Omar Herrera, Plaintiff-Appellant,
v
Carlos Vargas, Defendant-Respondent. [And a Third-Party Action]


Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for appellant.
Gannon, Rosenfarb & Drossman, New York (Lisa L. Gokhulsingh of counsel), for respondent.



Order, Supreme Court, Bronx County (Joseph Capella, J.), entered on or about September 29, 2017, which granted defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion denied.
In this action arising from plaintiff's slip-and-fall on snow and ice, the court's determination that defendant was entitled to summary judgment dismissing the complaint on the ground that he is an out-of-possession landlord is no longer sound in light of the Court of Appeals's decision in Xiang Fu He v Troon Mgt., Inc. (34 NY3d 167 [2019]). Moreover, even if, as defendant urges, plaintiff was required to plead defendant's violation of Administrative Code of City of New York § 7-210 - which he undisputedly failed to do - plaintiff's reliance thereon for the first time in opposition to defendant's motion for summary judgment was permissible, given that doing so did not raise any new theory of liability or prejudice (cf. e.g., DB v Montefiore Med. Ctr., 162 AD3d 478, 478 [1st Dept 2018]; Wadsworth Condos, LLC v Dollinger Gonski & Grossman, 114 AD3d 487, 487 [1st Dept 2014]; Alarcon v UCAN White Plains Hous. Dev. Fund Corp., 100 AD3d 431, 432 [1st Dept 2012]).
Defendant made a prima facie case for summary judgment on his alternative ground that a storm was in progress at the time of plaintiff's accident, through plaintiff's deposition testimony that it was snowing when he fell (see Mosley v General Chauncey M. Hooper Towers Hous. Dev. Fund Co., Inc., 48 AD3d 379, 380 [1st Dept 2008]). However, plaintiff raised triable issues of fact in opposition. The sworn report of his meteorological expert concluded, among other things, that, at the time of plaintiff's accident, no snow was falling, and three inches of preexisting snow and ice was on the ground. Coupled with plaintiff's testimony regarding the condition of the sidewalk at the time of his accident, an issue "of fact exist[s] as to whether plaintiff's fall was caused by an ice condition associated with [a] prior storm, and whether defendant[] had a reasonable time to remedy it before the accident" (Bagnoli v 3GR/228 LLC, 147 AD3d 504, 505 [1st Dept 2017]; see Womble v NYU Hosps. Ctr., 123 AD3d 469, 470 [1st Dept 2014]; Walters v [*2]Costco Wholesale Corp., 51 AD3d 785, 786 [2d Dept 2008], cited in Massey v Newburgh W. Realty, Inc., 84 AD3d 564, 568 [1st Dept 2011]; Rivas v New York City Hous. Auth., 261 AD2d 148, 148 [1st Dept 1999]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 28, 2020
CLERK