Agosto v 1 Sadore Lane Realty Corp. (2021 NY Slip Op 00485)





Agosto v 1 Sadore Lane Realty Corp.


2021 NY Slip Op 00485


Decided on January 28, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 28, 2021

Before: Kapnick, J.P., Mazzarelli, Kennedy, Mendez, JJ. 


Index No. 303510/16 Appeal No. 12995 Case No. 2019-04951 

[*1]Luisa Agosto, Plaintiff-Respondent,
v
1 Sadore Lane Realty Corp., Defendant, Sadore Lane Gardens Inc. et al., Defendants-Appellants.


Mischel & Horn, P.C., New York (Christen Giannaros of counsel), for appellants.
PeÑa & Kahn, PLLC, Bronx (Jeffrey J. Schietzelt of counsel), for respondent.



Order, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered on or about October 2, 2019, which denied defendants Sadore Lane Gardens Inc. and Prime Locations Inc.'s motion for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.
Defendants failed to demonstrate conclusively that there was a storm in progress at the time of plaintiff's accident, which plaintiff attributes to ice on the walkway outside defendants' building, or that they did not have a reasonable amount of time in which to locate and remedy any alleged icy condition before her accident (see Mike v 91 Payson Owners Corp., 114 AD3d 420 [1st Dept 2014]). Although the meteorological data and defendants' expert meteorologist's affidavit showed that there was a storm in progress, plaintiff testified that it was not snowing when she fell, and defendants submitted no evidence as to when the area had last been inspected, cleaned, or properly treated with salt or sand (see Perez v Raymours Furniture Co., Inc., 173 AD3d 597 [1st Dept 2019]; Maynard-Keeler v New York City Hous. Auth., 161 AD3d 470 [1st Dept 2018]). The testimony of defendants' superintendent about the building's general snow and ice removal procedures failed to show that defendants acted reasonably and lacked notice of the icy condition on the day of plaintiff's accident, as the superintendent had no personal knowledge of any snow or ice removal measures taken before plaintiff fell (see De La Cruz v Lettera Sign & Elec. Co., 77 AD3d 566, 566 [1st Dept 2010]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 28, 2021