Smith v Montefiore Med. Ctr. (2021 NY Slip Op 01872)





Smith v Montefiore Med. Ctr.


2021 NY Slip Op 01872


Decided on March 25, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 25, 2021

Before: Manzanet-Daniels, J.P., Kern, Moulton, Shulman, JJ. 


Index No. 21116/17E Appeal No. 13437 Case No. 2020-02815 

[*1]Markus Smith, Plaintiff-Respondent,
v
Montefiore Medical Center, Defendant-Appellant.


Turken, Heath & McCauley, LLP, Armonk (Jason D. Turken of counsel), for appellant.
Monier Law Firm, PLLC, New York (Philip Monier, III of counsel), for respondent.



Order, Supreme Court, Bronx County (Howard H. Sherman, J.), entered June 1, 2020, which denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Plaintiff alleges that he slipped and fell on dirty ice at the bottom of a pedestrian ramp near the entrance to the emergency room of defendant's facility. Defendant contends that the area was protected from the elements by an overhang. One of defendant's witnesses stated that the only time he ever saw snow and ice on the pedestrian ramp in his 48 years of employment by defendant was after massive snowstorms and he never saw snow and ice at the spot where plaintiff stated he slipped and fell. Defendant's other witness stated that in his 13 years of employment, he never saw snow and ice in that area. Defendant's witnesses testified to its general snow and ice removal procedures, but neither had a specific memory of the condition of the area where plaintiff slipped and fell prior to the accident or when it was last inspected.
Plaintiff's experts noted that climatological data indicated that it had snowed the day before the accident, five inches of snow was on the ground, the temperature never went above freezing from the time of the snowstorm until the time of the accident and that there were wind gusts of between 30 and 35 miles per hour at the time of the accident. They opined that there were numerous areas under the overhang that were exposed to outdoor conditions and that blowing and drifting snow could enter in some locations and cause slippery conditions.
The court properly denied defendant's motion for summary judgment as it failed to sustain its initial burden of demonstrating the lack of constructive notice by producing evidence of its maintenance activities and inspection of the area prior to the accident, and specifically that the dangerous condition cited by plaintiff did not exist when the area was last cleaned or inspected before plaintiff's fall (see Ross v Betty G Reader Revocable Trust, 86 AD3d 419, 421 [1st Dept 2011]). A showing of general cleaning procedures is insufficient to satisfy the burden of demonstrating the lack of constructive notice of the condition prior to the accident (see Mike v 91 Payson Owners Corp, 114 AD3d 420 [1st Dept 2014]).
Defendant argues that it does not maintain such records because the area was not exposed to the elements. However, plaintiff presented expert testimony disputing that contention, and one of defendant's witnesses admitted to having seen snow on the pedestrian ramp on rare occasions. In any event, even if we were to find that defendant had sustained its initial burden, plaintiff presented sufficient evidence to raise a triable issue of fact as to whether there was dirty ice at the bottom of the pedestrian ramp and
as to defendant's constructive notice of the condition based on plaintiff's testimony and his experts' affidavits. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME [*2]COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 25, 2021