Wilson v City of New York (2021 NY Slip Op 03931)





Wilson v City of New York


2021 NY Slip Op 03931


Decided on June 17, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 17, 2021

Before: Manzanet-Daniels, J.P., Kapnick, González, Shulman, JJ. 


Index No. 150064/15 Appeal No. 14085 Case No. 2020-03114 

[*1]Beverly Wilson, Plaintiff-Appellant,
v
City of New York et al., Defendants-Respondents.


Argyropoulos & Associates, LLC, Astoria (Susan Paulovich Keaton of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York (Elina Druker of counsel), for respondents.



Order, Supreme Court, New York County (Lyle E. Frank, J.), entered January 29, 2020, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Plaintiff concedes that defendants are not liable for her injuries on the ground that they were negligent in failing properly to clear the sidewalk of snow and ice, because at the time she slipped and fell, there was a storm in progress, and therefore they had no legal duty to begin snow/ice removal efforts (see Herrera v Vargas, 183 AD3d 542 [1st Dept 2020]). Instead, in opposition to defendants' motion, plaintiff argues for the first time that defendants are liable because their employee negligently directed her to walk in an unsafe area. However, nowhere in her notice of claim, the complaint, or the verified bill of particulars did plaintiff allege that the employee directed her to go around his snow blower, causing her to step into an accumulation of snow that obscured the curb, from which she fell into the roadway. Contrary to plaintiff's contention, there is not a single allegation in her notice of claim, pleadings or testimony that afforded defendants notice of this new theory of liability (see Guzman v City of New York, 190 AD3d 454 [1st Dept 2021]; Matter of Corwin v City of New York, 141 AD3d 484, 488 [1st Dept 2016]). Even if the pleadings and testimony had raised this new theory, plaintiff could not use them to rectify deficiencies in the notice of claim (see Perez v City of New York, 193 AD3d 432 [1st Dept 2021]). Moreover, as the new theory is not material that would have been authorized by General Municipal Law § 50-e(6) even if plaintiff had sought to amend the notice of claim, it is irrelevant whether defendants would be prejudiced by it (Corwin, 141 AD3d at 489).
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 17, 2021