1591 Second Ave. LLC v Metropolitan Transp. Auth. (2022 NY Slip Op 01113)





1591 Second Ave. LLC v Metropolitan Transp. Auth.


2022 NY Slip Op 01113


Decided on February 22, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 22, 2022

Before: Renwick, J.P., Kennedy, Scarpulla, Rodriguez, Higgitt, JJ. 


Index No. 161539/15 Appeal No. 15358N Case No. 2021-02822 

[*1]1591 Second Avenue LLC et al., Plaintiffs-Appellants,
v
Metropolitan Transportation Authority et al., Defendants-Respondents.


Cox Padmore Skolnik & Shakarchy LLP, New York (Laleh Hawa of counsel), for appellants.
Smith Mazure, P.C., New York (Louise M. Cherkis of counsel), for respondents.



Order, Supreme Court, New York County (Shawn Timothy Kelly, J.), entered June 24, 2021, which denied plaintiffs' motion to strike defendants' answer, unanimously reversed, on the law and the facts, without costs, the order vacated, and the matter remitted for further proceedings consistent herewith.
Following joinder of issue in this property damage action arising out of defendants' construction of the Second Avenue subway line, plaintiffs demanded, by notice dated February 11, 2016, that defendants produce, among other things, documents and reports concerning electronic survey equipment and related raw data (Demand #6). Over the following three years, defendants variously responded that they were conducting "a diligent search" for documents responsive to that demand; that they had no documents responsive to that demand; and, that documents responsive to other of plaintiffs' document demands were responsive to Demand #6. In those same three years, defendants were ordered by the court to serve documents responsive to Demand #6 at least four times, and defendants missed several deadlines by which to do so. That culminated in an order entered on or about April 18, 2019, in which the court (Robert R. Reed, J.) granted plaintiffs' motion to strike defendants' answer solely to the extent of directing defendants to provide plaintiffs with an affidavit pursuant to Jackson v City of New York (185 AD2d 768 [1st Dept 1992]) on or before a date certain. On plaintiffs' appeal from that order, we affirmed (1591 Second Ave. LLC v Metropolitan Transp. Auth., 176 AD3d 594 [1st Dept 2019]).
Defendants did not supply the Jackson affidavit by the deadline set in the court's April 18, 2019 order. Defendants were again directed to do so by five subsequent court orders, the last of which granted plaintiffs leave to move for appropriate relief. Plaintiffs made the motion underlying this appeal in February 2021.
According to the record of this case via NYSCEF — of which we may take judicial notice (see Corona v HHSC 13th St. Dev. Corp., 197 AD3d 1025, 1026 n [1st Dept 2021]) — after plaintiffs' motion was submitted, the court so-ordered a stipulation entered April 2, 2021, again requiring defendants to supply the previously ordered Jackson affidavit. According to the parties, the court, at a conference held on June 15, 2021, then directed the parties to each submit a one-page letter regarding plaintiffs' motion, which they did on June 18, 2021. Defendants' letter represented to the court that they had supplied two Jackson affidavits to plaintiffs; plaintiffs' letter complained that the Jackson affidavits were deficient. Insofar as we can determine, the Jackson affidavits themselves were never produced to Supreme Court, although plaintiffs have included them in the record on appeal.
Ultimately, Supreme Court denied plaintiffs' motion, finding that plaintiffs had not "sufficiently established that [d]efendants ha[d] willfully failed to provide discovery" and that "[d]efendants [*2]ha[d] substantially complied with [p]laintiffs' discovery demands, including Demand [#]6." The court gave plaintiffs leave to seek court approval "to move for preclusion . . . if it is determined that 'subsequently-found' [sic] documents should have been produced in response to Demand [#]6." The CPLR 2219(a) recitation in the order for review confirms that, while the court read the parties' June 18, 2021 letters, in addition to the papers filed in connection with the motion, it did not read the Jackson affidavits themselves.
We find that Supreme Court improvidently exercised its discretion in denying plaintiffs' motion and concluding that defendants both had not willfully failed to comply, and had substantially complied, with Demand #6 without reviewing defendants' Jackson affidavits. Despite six court orders directing defendants to supply a Jackson affidavit, defendants still did not do so until sometime after plaintiffs moved for the third time to strike defendants' answer, almost two years after first being ordered to do so. Under these circumstances, and given plaintiffs' well-founded allegations as to the insufficiency of defendants' Jackson affidavits, sanctions may very well be warranted, as we found them to be in Jackson (see 185 AD2d at 770). However, because the affidavits were never submitted to Supreme Court, either in connection with the motion underlying this appeal or otherwise, the affidavits are outside the record, and we cannot take judicial notice of them (see Samuels v Montefiore Med. Ctr., 49 AD3d 268 [1st Dept 2008]; Gintell v Coleman, 136 AD2d 515, 517 [1st Dept 1988]). Moreover, the parties' letters to Supreme Court describing the contents of those affidavits were hearsay (see HSBC Bank USA, N.A. v Greene, 190 AD3d 417, 418 [1st Dept 2021]). Accordingly, the proper course under these circumstances is to vacate the order and remit this case to Supreme Court to assess the sufficiency of defendants' Jackson affidavits in the first instance and determine whether sanctions are appropriate. Should Supreme Court find that the affidavits did not satisfy the requirements of a bona fide Jackson affidavit (see Jackson v City of New York, 185 AD2d at 770), the court has the ability to provide an appropriate remedy under CPLR 3126 (see Merrill Lynch, Pierce, Fenner & Smith, Inc. v Global Strat. Inc., 22 NY3d 877, 880 [2013]).
Plaintiffs' remaining arguments are academic in view of the foregoing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 22, 2022