Barrett v New York Presbyt. Hosp.-N.Y. Weill Cornell Med. Ctr. (2025 NY Slip Op 00783)

Barrett v New York Presbyt. Hosp.-N.Y. Weill Cornell Med. Ctr.

2025 NY Slip Op 00783

Decided on February 11, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 11, 2025

Before: Singh, J.P., González, Rosado, O'Neill Levy, JJ. 

Ind No. 21044/20 Appeal No. 3662 Case No. 2023-02493 

[*1]Cynthia Barrett, Plaintiff-Appellant,
v
New York Presbyterian Hospital-New York Weill Cornell Medical Center, et al., Defendants, New York City Health and Hospitals Corporation, "xyz corp", Doing Business as Lincoln Medical and Mental Health Center, Defendant-Respondent.

Goidel & Seigel, LLP, New York (Joshua Annenberg of counsel), for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York (Janet L. Zaleon of counsel), for respondent.

Order, Supreme Court, Bronx County (Alicia Gerez, J.), entered January 4, 2023, which granted defendant's motion to dismiss the complaint as time barred, unanimously affirmed, without costs.
Plaintiff alleges that on July 2, 2018, after anesthetic treatment required for a procedure at defendant's hospital facility, she fell on her way to the bathroom while being assisted by a nurse and aide employed by the hospital. Plaintiff timely filed a notice of claim, alleging that she fell because of the negligence of the nurse and aide in escorting her to the bathroom. At the General Municipal Law § 50-h hearing, plaintiff testified that she was not fully mobile at the time of the fall because of the anesthesia she had received earlier that day. On January 22, 2020, plaintiff commenced this action by filing a complaint alleging medical malpractice, lack of informed consent, general negligence, and vicarious liability as to treatment provided on July 2, 2018.
The complaint was untimely under the 1-year and 90-day statute of limitations governing tort claims against a municipality, as the notice of claim alleged facts giving rise to an action for ordinary negligence, not medical malpractice (General Municipal Law 50-i[1]). Although evidence adduced at a statutory 50-h hearing can rectify deficiencies in descriptions of location and injuries stated in a notice of claim, information given at the hearing may not be used to amend the theory of liability set forth in the notice of claim where it would change the nature of the claim (see Scott v City of New York, 40 AD3d 408, 410 [1st Dept 2007]; Figueroa v New York City Hous. Auth., 271 AD2d 238, 238-239 [1st Dept 2000]). Nor may plaintiff rely on the complaint, bill of particulars, and testimony to rectify deficiencies in the notice of claim (see Wilson v City of New York, 195 AD3d 534, 534 [1st Dept 2021]; Cambio v City of New York, 118 AD3d 577, 578 [1st Dept 2014]).
Furthermore, the continuous treatment doctrine is inapplicable to plaintiff's claim. The notice of claim makes clear that plaintiff alleged only negligence arising from the conduct of specific hospital employees who were assisting her in going to the bathroom (see Bleiler v Bodnar, 65 NY2d 65, 73 [1985]). Thus, plaintiff is barred from asserting a new theory of medical malpractice, as the notice of claim did not allege malpractice or lack of informed consent, nor did it include facts as to any treatment that deviated from standard medical practice (Friedmann v New York Hospital-Cornell Med. Ctr., 65 AD3d 850, 850-851 [1st Dept 2009]).
We have considered plaintiff's remaining contentions and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 11, 2025