Di Giulio v New York City Tr. Auth.
2026 NY Slip Op 04037
June 25, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Giovanni Di Giulio, Appellant-Respondent,
v
New York City Transit Authority, Respondent-Appellant.

Decided and Entered: June 25, 2026
Index No. 151947/24|Appeal No. 6967|Case No. 2025-05357|
Before: Webber, J.P., Kapnick, Gesmer, Pitt-Burke, Chan, JJ.

Law Offices of Christopher P. Di Giulio, P.C., New York (Christopher P. Di Giulio of counsel), for appellant-respondent.
Cullen and Dykman LLP, New York (Patrick M. Caruana of counsel), for respondent-appellant.

[*1]
Order, Supreme Court, New York County (Richard Tsai, J.), entered on or about August 1, 2025, which, to the extent appealed from as limited by the briefs, granted the motion of defendant New York Transit Authority (NYCTA) to strike or dismiss those parts of plaintiff's second amended bill of particulars as pleaded new theories of liability not pleaded in the notice of claim to the extent of striking the allegations that NYCTA negligently failed to install guardrails or barriers at the subject subway platform and failed to properly monitor and coordinate train schedules and elevator availability with handicapped passenger volume and accessibility, and denied the motion insofar as it sought to strike the allegation in the second amended bill of particulars that NYCTA was negligent in failing to provide appropriate signage and warnings and failing to highlight the "I" beam column with red and white stripes, unanimously modified, on the law, without costs, to grant so much of the motion as sought to strike the allegation in the second amended bill of particulars that NYCTA was negligent in failing to provide appropriate signage and warnings and failing to highlight the "I" beam column with red and white stripes, and said allegation stricken, and otherwise affirmed, without costs.
As NYCTA concedes, its argument that the second amended bill of particulars is a nullity is unpreserved since it is raised for the first time on appeal (see Diarrassouba v Consolidated Edison Co. of N.Y. Inc., 123 AD3d 525, 525 [1st Dept 2014]). However, because it is a legal issue appearing on the face of the record which could not have been avoided if it had been timely raised, it is reviewable on appeal (see Rojas-Wassil v Villalona, 114 AD3d 517, 517-518 [1st Dept 2014]). In any event, we reject the argument. Review of the court file, of which this Court may take judicial notice (see 1591 Second Ave. LLC v Metropolitan Transp. Auth., 202 AD3d 582, 583 [1st Dept 2022]), shows that the second amended bill of particulars was served before the note of issue was filed. A plaintiff may properly amend a bill of particulars without leave of court when the change does not constitute a new claim which would require a motion for leave to amend (see Issing v Madison Sq. Garden, Inc., 74 AD3d 538, 538-539 [1st Dept 2010]).
[*2]
Nevertheless, Supreme Court properly struck the allegations in plaintiff's second amended bill of particulars concerning NYCTA's failure to install barriers and guardrails and to coordinate train schedules and elevator availability with handicapped passenger volume. The allegations went "beyond mere amplification and [were] instead a new, distinct, and independent theory of liability" asserted after plaintiff's time to seek leave to file a late notice of claim had expired (Chan v City of New York, 238 AD3d 446, 446 [1st Dept 2025]). The original bill of particulars claims that plaintiff, a quadriplegic, was injured when his motorized wheelchair, which he was navigating to the "L" train because the elevator for the "Q" train was out of order, veered off the edge of the platform of the 14th Street/Union Square Station in Manhattan as he was moving toward the accessible boarding area because the section of the platform between the staircase and the tracks was "extremely narrow," was not sufficient to put NYCTA on notice of those new allegations (see Thomas v New York City Hous. Auth., 25 NY3d 1087, 1088 [2015]; Lopez v New York City Hous. Auth., 16 AD3d 164, 165 [1st Dept 2005]; Barksdale v New York City Tr. Auth., 294 AD2d 210, 211 [1st Dept 2002]).
The allegations in the second amended bill of particulars that NYCTA failed to warn should be stricken. The notice of claim does not imply that NYCTA was negligent in failing to warn about the narrowness of the platform by providing appropriate and proper signage, or that an "I" beam column was involved in the accident. Since nothing in the notice of claim would have alerted NYCTA of the need to investigate the "I" beam column or the signage present at the subject location, plaintiff was not free to subsequently interject a new, distinct theory of liability without leave of court. Accordingly, the failure to warn claims, which differ substantially from the claim that NYCTA created a dangerous condition in the form of placing the designated boarding area on a portion of the subway platform that was too narrow to be safely traversed by customers who use wheelchairs, are also new theories of liability first alleged in plaintiff's second amended bill of particulars (see Kane v Triborough Bridge & Tunnel Auth., 8 AD3d 239, 240 [2d Dept 2004]). Since new theories of liability are not authorized by General Municipal Law § 50-e (6), it is irrelevant whether NYCTA would
be prejudiced or surprised (see Wilson v City of New York, 195 AD3d 534, 534 [1st Dept 2021]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 25, 2026